1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10  MICHAEL J. HICKS,                         CASE NO. 1:07-cv-0006-LJO-DLB PC

11              Plaintiff,                    FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING PLAINTIFF'S MOTIONS
12       v.                                   FOR PRELIMINARY INJUNCTIVE RELIEF
                                             BE DENIED
13  JOHN DOES 1 THRU 5, et al.,
                                             (Docs. 16, 22)
14              Defendants.
                                             OBJECTION DUE WITHIN FIFTEEN DAYS
15  _____/

16
17       Plaintiff Michael Hicks ("plaintiff") is a state prisoner proceeding pro se and in forma

18  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed on January

19  4, 2007.  On February 25, 2008, and April 7, 2008, plaintiff filed motions seeking a court order

20  requiring the Warden at California State Prison - Sacramento, who is not a party to this action,

    provide plaintiff with a complete photocopy of his central file without cost.  (Docs. 16, 22).

21       The purpose of a preliminary injunction is to preserve the status quo if the balance of equities

22  so heavily favors the moving party that justice requires the court to intervene to secure the positions

23  until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S.

24  390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1)

25  a combination of probable success and the possibility of irreparable harm, or (2) that serious

26  questions are raised and the balance of hardship tips in its favor."  Arcamuzi v. Continental Air

27  Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must

28

1 demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the

2 plaintiff "shows no chance of success on the merits."  Id.  At a bare minimum, the plaintiff "must

3 demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."

4 Id.

5   Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must

6 have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103

7 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and

8 State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d

9 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has

10 no power to hear the matter in question.  Id.  "A federal court may issue an injunction *if* it has

11 personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not*

12 attempt to determine the rights of persons not before the court."  Zepeda v. United States

13 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

14   In this instance, the events at issue in this action arose while plaintiff was incarcerated at the

15 California State Prison - Corcoran.  (Doc. 1.)  Plaintiff is currently housed at California State Prison-

16 Sacramento and the orders sought  are aimed at remedying his current conditions of confinement at

17 that prison, namely his access to his central file.  The court does not have jurisdiction in this action

18 to issue the order sought, as the case or controversy requirement cannot be met in light of the fact

19 that the issues plaintiff seeks to remedy in his motions bear no relation to the past events at Corcoran

20 giving rise to this suit.  The court does not and will not have jurisdiction in this action over prison

21 officials at California State Prison - Sacramento.

22   Therefore, the court HEREBY RECOMMENDS that plaintiff's motions for a court order,

23 filed, February 25, 2008, and April 7, 2008 be DENIED.

24   These Findings and Recommendations will be submitted to the United States District Judge

25 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15)**

26 **days** after being served with these Findings and Recommendations, plaintiff may file written

27 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

28 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

1    specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

2    1153 (9th Cir. 1991).

3          IT IS SO ORDERED.

4    **Dated:    August 11, 2008**            **/s/ Dennis L. Beck**

                                         UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28