IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL J. HICKS, | ) | |
| | ) | |
| Plaintiffs, | ) | CV 07-CV-00006 BLW (PC) |
| | ) | |
| v. | ) | |
| | ) | ORDER AND REPORT AND |
| J. BLACKBURN, JOHN DOES 2 THRU 5, et al., | ) | RECOMMENDATION |
| | ) | |
| Defendants. | ) | |

Currently pending before this Court is Defendant J. Blackburn's Motion for More Definite Statement (Docket No. 36), Plaintiff's unopposed Motion to Amend the Complaint (Docket No. 38) and Defendant Blackburn's unopposed Motion to Revoke Plaintiff's In Forma Pauperis Status (Docket No. 40). This matter was referred to Magistrate Judge Larry M. Boyle by the Honorable B. Lynn Winmill on September 11, 2009 (Docket No. 41). Having reviewed the record in this matter, and having considered the written arguments of the parties in the briefing, the undersigned Magistrate Judge concludes that oral argument is unnecessary and would not aide the Court in its decision. Accordingly, undersigned issues the following Order and Report and Recommendation.

**DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT AND PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendant Blackburn requests a more definite statement as to the allegations of Plaintiff's Complaint against him specifically. Plaintiff's Motion to Amend his Complaint and his lodged Amended Complaint sets forth specific allegations of Defendant's involvement in an alleged assault. Accordingly, Plaintiff's amended complaint provides the relief Defendant Blackburn requests thus rendering moot the motion for a more definite statement.

Plaintiff's motion to amend appears to state his complaint and allegations more clearly and is unopposed. Good cause appearing and no objection filed thereto, the Court will grant Plaintiff's motion to amend the complaint and order that the lodged Amended Complaint be filed.

**REPORT ON MOTION TO REVOKE IN FORMA PAUPERIS STATUS**

**A.     Background**

Plaintiff is a California state prisoner proceeding in forma pauperis. He alleges that he was physically assaulted in late March or early April, 2005, in violation of his state and constitutional rights. Plaintiff seeks a judgment in his favor for nominal, compensatory and punitive damages. Defendant Blackburn argues that Plaintiff is not entitled to proceed in forma pauperis because he has filed more than 20 lawsuits in federal court, and had more than three dismissals that count as strikes issued against him pursuant to 28 U.S.C. § 1915(g). Defendant further argues that Plaintiff has been deemed already by this district

court as ineligible to proceed in forma pauperis.  *See Hicks v. T. Thomas*, CV F-02-5287, Order dated May 19, 2003.  (*Motion to Revoke Plaintiff's In Forma Pauperis Status*, Exh. C, Docket No. 40-4).

**B.    Discussion**

A Court is authorized to review a litigant's in forma pauperis status "at any time" during the pendency of a case.  28 U.S.C. § 1915(e)(2).  The "three strikes" provision of the in forma pauperis statute, 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005), the United States Court of Appeals for the Ninth Circuit explained the analysis used to determine whether an inmate's case is subject to the three strikes rule:

> [W]e hold that if defendants challenge a prisoner-plaintiff's IFP status, then the initial production burden rests with the defendants. Thus, when challenging a prisoner's IFP status, the defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were "frivolous, malicious or fail[ed] to state a claim." § 1915(g). In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike. However, in many instances, the docket records will not reflect the basis for the dismissal. In these instances, the defendants may not simply rest on the fact of dismissal. Rather, the defendants must produce court records or other documentation that will

>  allow the district court to determine that a prior case was dismissed because it was "frivolous, malicious or fail[ed] to state a claim." § 1915(g).
>  Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike.

*Id*. at 1120.

Here, Defendants point out that Plaintiff has initiated at least 20 civil lawsuits in the California federal courts, at least three of which were deemed already to be strikes against him rendering him ineligible for in forma pauperis status: *Hicks v. Ortiz,* E.D. Cal. No. 01-CV-05728; *Hicks v. Marshall*, N.D. Cal., 93-CV-04272; and, *Hicks v. Lewis*, N.D. Cal., No. 94-CV-02103; and that Plaintiff has had at least one case dismissed by denial of in forma pauperis status as a result of the strikes. *Hicks v. Thomas*, E.D. Cal., No. CV-F-02-5287-REC-DLB-P.

The Court has reviewed Defendant's production of a May 19, 2003 order adopting findings and recommendations and the judgment of dismissal in Case No. CV-F-5287-REC-DLB-P, *Hicks v. Thomas,* from this United States District Court.  In that case, United States District Judge Robert E. Coyle determined that Plaintiff could not proceed in forma pauperis because he had previously accumulated three dismissals that counted as strikes under 28 U.S.C. § 1915(g).   (Motion to Revoke Plaintiff's In Forma Pauperis Status, Exh. C, Docket No. 40 - 3).  A careful review of the records reveals that Defendant's argument is adequately supported by the facts set forth by the court orders and docket sheets.  (*Id*., Exhibits A-C.)

ORDER AND REPORT AND RECOMMENDATION - 4

Defendants' argument is also supported by applicable law.  In particular, in *Tierney v. Kupers*, 128 F.3d 1310 (9th Cir. 1997), the Ninth Circuit Court of Appeals determined that 28 U.S.C. § 1915(g) applies to "dismissals that preceded the effective date of the act [April 26, 1996]."

Moreover, in so far as a prior determination has been made on this issue, Plaintiff is estopped from arguing that he does not have "three strikes" already against him.  *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008) ("Issue preclusion prevents a party from relitigating an issue decided in a previous action if four requirements are met: "(1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action."); *McClain v. Apodaca*, 793 F.2d 1031 (9th Cir. 1986) (noting that it is proper for a court to examine the res judicata effect of a prior judgement arising out of the same conduct *sua sponte*).

Based on a review of the record and considering all of the foregoing, undersigned concludes that Defendant Blackburn met his initial burden, and the motion is unopposed. Accordingly, the undersigned Magistrate Judge recommends that the District Court find that the Plaintiff has had at least three prior cases dismissed that meet the criteria for strikes under 28 U.S.C. § 1915(g), and thus not entitled to proceed In Forma Pauperis.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend the Complaint (Docket No. 38) is GRANTED; the Clerk of the Court is directed to file Plaintiff's proposed Amended Complaint lodged at Docket No. 39.

IT IS FURTHER ORDERED that Defendant J. Blackburn's Motion for a More Definite Statement (Docket No. 36) is DENIED as moot.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that:

1. Defendant's Motion to Revoke Plaintiff's In Forma Pauperis Status (Docket No. 40) be GRANTED and Plaintiff's In Forma Pauperis Status be revoked accordingly;

2. Plaintiff be granted thirty (30) days within which to pay the full filing fee, and thereafter, thirty (30) additional days to reimburse the U.S. Marshal Service for the costs of service, if any.

3. Failure to pay these fees and costs will result in dismissal of Plaintiff's case without prejudice under Rule 41; and

4. The Clerk of Court be ordered to note on the docket that Plaintiff has accrued three dismissals that constitute strikes under 28 U.S.C. § 1915(g).

DATED: **September 28, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge

ORDER AND REPORT AND RECOMMENDATION - 6